## UNITED STATES v. DOMINGO et al.

### (District Court, D. Idaho, C. D.   March 14, 1907.)

### No. 443.

1. WOODS AND FORESTS—FOREST RESERVATIONS—VALIDITY OF REGULATIONS EXCLUDING STOCK.

   That portion of rule 72 promulgated by the Secretary of the Interior which forbids the grazing upon or driving across a forest reservation of any live stock without a permit, except as otherwise allowed by regulation, and declares that such acts shall "constitute trespass, punishable by fine and imprisonment," so far as relates to the prohibition, is within the authority conferred on the Secretary by Act June 4, 1897, c. 2, § 1, 30 Stat. 35 [U. S. Comp. St. 1901, p. 1540], which provides that he "may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use, and to preserve the forests thereon from destruction; and any violations of the provisions of this act, or of such rules and regulations, shall be punished as is provided for in" Act June 4, 1888.   Such rule is not a law, and for that reason an exercise of power which Congress could not delegate, but merely a regulation proper for making the law of Congress effective; and, while the part prescribing the punishment is beyond the authority conferred, it may be treated as surplusage, and does not invalidate the remaining portion, for a violation of which the offender may be prosecuted and punished as provided by the statute.

2. SAME—PENALTY FOR VIOLATION.

   The fact that the statute defines the penalty for its violation as the same prescribed by another statute does not require that the offenses should be the same to render the penalty applicable.

On Demurrer to Indictment.

N. M. Ruick, U. S. Dist. Atty.
Edgar Wilson, for defendants.

BEATTY, District Judge.   The indictment is for trespass upon a forest reserve by driving and grazing sheep thereon without a permit. To this indictment the defendants have demurred.   By Act June 4, 1897, c. 2, § 1, 30 Stat. 34–36 [U. S. Comp. St. 1901, p. 1540], in modification of a prior act for the creation of forest reserves, it is, among other provisions, enacted, that:

"The Secretary of the Interior * * * may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use, and to preserve the forests thereon from destruction; and any violations of the provisions of this act,

or of such rules and regulations, shall be punished as is provided for in the act of June fourth, eighteen hundred and eighty-eight."

Said last act provides as follows:

"Every person who unlawfully cuts, or aids or is employed in unlawfully cutting, or wantonly destroys, or procures to be wantonly destroyed, any timber standing upon the land of the United States * * * shall pay a fine of not more than five hundred dollars or be imprisoned no·more than twelve months, or both, in the discretion of the court."

By reason of such statutes the Secretary promulgated certain rules and regulations, a part of No. 72 of which, is that:

"The following acts are hereby forbidden and declared to constitute trespass, punishable by fine and imprisonment: (a) Grazing upon or driving across a forest reserve any live stock without a permit, except as otherwise allowed by regulation. * * *"

The defendants claim that the Secretary is not authorized by Congress to make the above rule, and that, if it intended to grant such authority, it was an attempt to delegate legislative power, which is ultra vires. It is too well settled to admit any doubt that Congress cannot delegate to any other body or person any authority to legislate; but it is also as well settled that it may authorize an executive officer to formulate rules and regulations for the full and explicit enforcement of the law enacted, and according to its full intent and spirit. To discuss either of these questions would be a wasteful use of time. Very many of the acts of Congress contain such delegation of authority. Had it not the power to do so, many of its statutes would be largely nugatory; for it is impossible for it to anticipate the various questions that may arise in the enforcement of its laws and to provide for them. The objection made in this case to the rule is the same that is usually made to other like rules. The solution of the question must in each case be reached by determining whether the rule is an attempt to create a law, or simply a regulation or means of enforcing a law already enacted. If the former, it is void; if the latter, it is as valid as the law itself.

There is no doubt as to the rule of decision; but in some instances the question is so close that it is difficult to conclude how the rule should be construed. In this instance the statute says that the Secretary "may make such rules and regulations and establish such service as will insure the objects of such reservation." But it does not leave him to determine what such objects are. It states them: First, "to regulate their occupancy and use"; and, second, "to preserve the forests thereon from destruction." Clearly Congress contemplated that these reserves should be occupied and used, but in what manner, by whom, and for what purposes it leaves the Secretary to regulate by rules. Rules to prevent any occupation or use would be contrary to the statute, but those simply to regulate such occupation and use are what the statute expressly authorizes, and are valid. While the provision of the statute for the preservation of the forests from destruction probably refers to the wanton destruction of the timber, yet the occupancy has an important effect upon such preservation. If the occupation by animals or otherwise is such as to destroy the growing, tender trees, the final deterioration and destruction of the forest must follow.

My conclusion is that, in so far as this regulation 72 forbids any

grazing or driving of live stock upon on or across the reservation without a permit, it is not legislation, but is only a rule, within the authority of Congress to regulate the occupation and use, and is valid. But the rule goes further, and directs a fine and imprisonment for such unpermitted acts. It must be doubted that the Secretary can direct any punishment that is not directly provided for or distinctly implied by the act. The most that can be held against this portion of the regulation is that it is surplusage, but which does not invalidate the balance of the rule. If no punishment were provided by the act, he could not direct any; if the act does provide a punishment, he cannot modify it. The act does, however, provide a punishment by applying to the offenses in this act—the penalty provided for offenses named in the act of June 4, 1888. By this latter act a punishment of not over $500 fine, or imprisonment of not over 12 months, or both, is provided. But the regulation, in directing fine and imprisonment, is obnoxious to the statute, which provides for fine or imprisonment. This statute of 1897 distinctly defines the penalty as the same prescribed by the statute of 1888.

But defendants' counsel argues that as the penalty provided by the act of 1888 is for the cutting of timber and other offenses therein named, and does not provide for the offense charged in this indictment, it follows that there is no penalty provided for this offense. Careful examination of the statute cannot lead to such conclusion. It—the act of 1897—says that "any violation of the provisions of this act, or such rules and regulations, shall be punished as provided for in the act of June 4, 1888." This is not a statement that the penalty prescribed by the former act can be applied only to the class of offenses therein named, but it is a direction that such penalty shall be applied also to the offenses described in the later act. Congress very often, in defining an offense, applies to it the same penalty provided for some other offense, described in some other act. Clearly that is all that is done in this case.

My conclusion, then, is that the Secretary in making the rule referred to was duly authorized, and that the statute itself has prescribed the penalty for its violation.

The demurrer is overruled.

NOTE. Since preparing the above, counsel have called attention to the telegraphic report of a decision by the appellate court, which may determine the questions here involved. The authority to modify this is reserved, should it later be found that it is not in harmony with such appellate court decision.