UNITED STATES v. BALE.

(District Court, D. South Dakota, W. D. September 3, 1907.)

WOODS AND FORESTS—FOREST RESERVATIONS—VIOLATION OF REGULATIONS.

The pasturing of live stock on a forest reservation of the United States without a permit, in violation of the regulations of the Secretary of the Interior and the Secretary of Agriculture, is punishable as a criminal offense under Act June 4, 1897, c. 2, § 1, 30 Stat. 35 [U. S. Comp. St. 1901, p. 1540], which authorizes such regulations, and prescribes the punishment for their violation.

On Demurrer to Indictment.

E. E. Wagner, U. S. Atty.
Chauncey L. Wood, for defendant.

CARLAND, District Judge. The defendant has interposed a general demurrer to the indictment returned against him, and for ground of demurrer states that said indictment does not state facts sufficient to constitute a public offense under the laws of the United States.

It will only be necessary to set forth the language of the first count in order to present the question raised by the demurrer, as the counts of the indictment do not differ, except as to the time of the offense and as to the number of cattle. Count No. 1 is as follows:

"That Robert Edward Bale on the 29th day of June, 1906, at the Black Hills Forest Reserve, South Dakota, then and there did unlawfully and wrongfully graze upon the Black Hills Forest Reserve certain live stock, to wit, 75 head of cattle, the said Robert Edward Bale then and there not having any permit or license therefor and without any authority of law so to do contrary to the form, force, and effect of the statutes of the United States in such cases made and provided and contrary to the rules and regulations of the Secretary of Agriculture duly made and promulgated pursuant to said statutes regarding forest reserves to regulate their occupancy and use and to preserve the forests thereon from destruction."

Section 5388, Rev. St., as amended by Act June 4, 1888, c. 340, 25 Stat. 166 [U. S. Comp. St. 1901, p. 3649], provides:

"Every person who unlawfully cuts, or aids or is employed in unlawfully cutting, or wantonly destroys or procures to be wantonly destroyed, any timber standing upon the land of the United States which, in pursuance of law, may be reserved or purchased for military or other purposes, or upon any Indian reservation or lands belonging to or occupied by any tribe of Indians under authority of the United States, shall pay a fine of not more than $500, or be imprisoned not more than 12 months, or both, in the discretion of the court."

The act of June 4, 1897, entitled, "An act making appropriations for sundry civil expenses of the government for the fiscal year ending June 30, 1898, and for other purposes" (chapter 2, 30 Stat. 35 [U. S. Comp. St. 1901, p. 1540]), provides:

"The Secretary of the Interior shall make provisions for the protection against destruction by fire and depredations upon the public forests and forest reservations which may have been set aside, or which may hereafter be set aside, under act of March 3, 1891, and which may be continued, and he may make such rules and regulations and establish such service as will insure the objects of such reservations, namely, to regulate their occupancy and use, and to preserve the forests thereon from destruction; and any violation of the provisions of this act or such rules and regulations shall be punished as provided for in the act of June 4, 1888, amending section 5388, Rev. St. U. S."

Pursuant to the act of June 4, 1897, regulations were promulgated by the Secretary of the Interior and the Secretary of Agriculture, upon whom the authority was subsequently conferred to prohibit the grazing of stock on forest reservations.

The demurrer challenges the sufficiency of the indictment on the ground that it was unlawful for Congress to delegate authority to the Secretary of Agriculture and Secretary of the Interior to promulgate rules making the grazing of live stock upon a forest reserve without a permit a public offense. The error in the position taken by counsel for defendant is in assuming that the Secretary of the Interior or of Agriculture did by making a regulation that no live stock should graze upon a forest reserve without a permit create a public offense. Among the regulations made by the Secretary of the Interior and subsequently by the Secretary of Agriculture under the act of June 4, 1897, was one forbidding the "grazing upon or driving across a forest any live stock without a permit, or in violation of the terms of a permit, except as otherwise allowed by regulation." No offense is hereby created, but we turn to the act of June 4, 1897, and find that a violation of this regulation is punishable as provided in the act of June 4, 1888. It was clearly within the power of Congress to confer upon the Secretary of the Interior or Secretary of Agriculture the authority to make rules and regulations in regard to the occupancy and use of forest reserves. When the Secretary of the Interior or of Agriculture declared that a violation of the acts forbidden in the regulation quoted was punishable by fine and imprisonment, neither intended to denounce the doing of the forbidden act as a crime under and by virtue of their own authority, but merely to state the fact that the laws of the United States punished a violation of the regulation by fine and imprisonment. The regulation itself being clearly within the power conferred by the act of June 4, 1897, no complaint can be made in reference thereto, except as to the matter of making its violation a crime, but that was done by Congress, not by the Secretary of the Interior or of Agriculture.

An indictment under this same regulation was sustained in United States v. Domingo (D. C.) 152 Fed. 566, and in United States v. Deguirro (D. C.) 152 Fed. 568. In the case of United States v. Matthews (D. C.) 146 Fed. 306, a contrary view is held. With all due respect to the learned court which rendered the decision in the case last cited, the case principally relied on to sustain its decision (United States v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591) is direct authority for the position here taken. In United States v. Eaton, supra, it was held that a regulation made by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury for carrying

into effect Act Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228], requiring certain acts to be done by dealers in oleomargarine, were not acts required by law within the meaning of section 18 of said act, which made the willful omission, neglect, or refusal to do or cause to be done any of the things required by law to be done a crime, but the Supreme Court, at page 688 of 144 U. S., page 767 of 12 Sup. Ct. (36 L. Ed. 591), in the opinion in that case, said:

"If Congress intended to make it an offense for wholesale dealers in oleomargarine to omit to keep books and render returns as required by regulations to be made by the Commissioner of Internal Revenue, it would have done so distinctly, in connection with an enactment such as that above cited, made in section 41 of the act of October 1, 1890 (26 Stat. 621, c. 1244 [U. S. Comp. St. 1901, p. 2235]). Regulations prescribed by the President and by the heads of departments, under authority granted by Congress, may be regulations prescribed by law, so as lawfully to support acts done under them and in accordance with them, and may thus have, in a proper sense, the force of law; but it does not follow that a thing required by them is a thing so required by law as to make the neglect to do the thing a criminal offense in a citizen, where a statute does not distinctly make the neglect in question a criminal offense."

This language of the court clearly indicates that, if section 18 referred to had specifically punished a violation of certain rules of the Commissioner of Internal Revenue, the prosecution would have been sustained.

The judgment of the court is that the demurrer be overruled.